Steven Haney Esq., *Pro Hac Vice*
Haney Law Group, PLLC
22815 Kelly Rd.
Eastpointe, MI 48021
Telephone: (248) 414-1470
E-Mail: steve@haneygroup.net

Attorneys for Defendant

Jacob A. Gillick, Esq., SBN 312336
Gillick Legal, APC
777 S. Alameda, 2nd Floor
Los Angeles, CA 90021
Telephone: (858) 250-0656
E-Mail: JGillick@GillickLegal.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Case No. 2:25-cr-00833-AH |
|---|---|
| Plaintiff, | **DECLARATION OF JONATHAN RINDERKNECHT IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE** |
| v. | |
| JONATHAN RINDERKNECHT | |
| Defendants. | |

I, JONATHAN RINDERKNECHT, declare as follows:

1.      I am the Defendant in this action. I make this declaration based upon my own personal knowledge, and I am competent to testify to the matters stated herein. If called as a witness, I could and would testify competently to the facts set forth in this declaration.  I understand under the United States Constitution, I have a 5th Amendment right not to testify as well.

2.      This declaration is submitted in support of my Motion to Suppress

1

Evidence obtained pursuant to search warrants issued in this case.

## NATURE OF THE MOTION TO SUPPRESS

3.    I understand that my counsel has filed a Motion to Suppress Evidence that challenges the facial validity of the search warrant affidavit. This is a pure legal challenge to whether the affidavit, on its face and accepting all allegations as true, establishes probable cause for the issuance of a search warrant.

4.    I understand that this facial challenge does not require the Court to resolve disputed facts, assess credibility, or consider evidence outside the four corners of the warrant affidavit itself. The question before the Court is purely legal: whether the affidavit establishes probable cause as a matter of law.

5.    I understand that because this motion challenges only the facial sufficiency of the warrant affidavit based on the government's own sworn statements, courts routinely resolve such motions without the need for evidentiary hearings or extensive factual development.

## FACTUAL BACKGROUND

6.    I submit this declaration to provide context for the legal arguments raised in the Motion to Suppress, and to make clear certain fundamental facts about my involvement in this case.

## THE LACHMAN FIRE – JANUARY 1, 2025

7.    I did not commit the crime of arson on either January 1, 2025, or January 7th, 2025.

8.    I did not intentionally, willfully, deliberately, or maliciously set fire to any property on either January 1, 2025, or January 7th, 2025.

9.    I did not ignite what has been referred to as the "Lachman Fire" that occurred on January 1, 2025.

10.    I have **never** confessed, admitted, or acknowledged to any person that I started the Lachman Fire on January 1, 2025, nor is there any existing

2

electronic communication ever extrapolated from my electronic devices obtained by the Government that has ever stated that I committed the crime of arson, or contemplated committing the crime of arson.

11. On the evening of December 31, 2024, and early morning hours of January 1, 2025, I was working as an Uber driver and had dropped off a passenger near the Skull Rock Trailhead in the Pacific Palisades area, in the vicinity where I previously resided. I had hiked the Skull Rock Trailhead too many times to count and visited this area frequently as a hiker.

12. After dropping off my passenger, I decided to hike up to what is known as "Buddha Hill" to watch the New Year's Eve fireworks at midnight, as I had done on prior occasions. **There was absolutely nothing unusual about my presence at Buddha Hill that evening.**

13. Right after midnight, while on Buddha Hill, when witnesses heard the loud bang, I observed what appeared to be a fire starting in the area. I immediately attempted to call 911 to report the fire.

14. Due to poor cell phone reception on the hill, which anyone who has been there would be familiar with, I made multiple attempts to call 911— approximately 13 attempts over the course of several minutes—before successfully connecting to emergency services.

15. When firefighters arrived at the scene, I made contact with them, identified myself, and offered any assistance I could provide. I did not flee, did not hide my identity, or attempt to conceal my vehicle, which was parked in plain view at the trailhead.

16. At no time did I possess, use, or deploy any accelerants, incendiary devices, or materials for the purpose of starting a fire. None were ever located in my vehicle, on my person, or in my apartment. No review of my electronic devices by federal authorities **EVER** disclosed any attempt by me to ever

3

purchase any accelerants, incendiary devices or material for starting a fire and a subsequent search and forensic examinations of my vehicle yielded not a single trace of any such evidence.

17.    At no time did I engage in any preparatory conduct, suspicious behavior, or actions consistent with committing arson.

## THE PALISADES FIRE – JANUARY 7, 2025

18.    On January 7, 2025—six days after the Lachman Fire—a second, catastrophic fire ignited in the Pacific Palisades area, which has been referred to as the "Palisades Fire."

19.    On January 7, 2025, when the Palisades Fire ignited, I was nowhere near the Pacific Palisades area or the origin location of that fire.

20.    I did not commit any act on January 7, 2025 that caused, contributed to, or resulted in the ignition of the Palisades Fire.

21.    There has never been any allegation by anyone that on January 7, 2025, I committed any act of arson or took any action that caused the Palisades Fire.

## ABSENCE OF PROBABLE CAUSE AT TIME OF SEARCH WARRANT APPLICATION

22.    At the time the search warrant applications were submitted, I had provided full cooperation to investigators, including participating in a lengthy interview at my apartment on January 24, 2025, and accompanying investigators back to the Buddha Hill area to show them where I had been when I first observed the fire.  I never did anything but cooperate with the investigators, as there was no reason at all for me to believe I had committed any crime(s).

## FACIAL CHALLENGE TO THE SEARCH WARRANT

23.    I understand that my Motion to Suppress challenges the facial validity of the search warrant affidavit—that is, whether the affidavit, on its face

4

DECLARATION OF JONATHAN RINDERKNECHT

and accepting all its allegations as true, established probable cause for the issuance of a search warrant.

24.    I understand that the affidavit alleged that I was present at the location of the January 1, 2025 Lachman Fire, but did not allege that I:

a. Ignited or attempted to ignite the fire;

b. Possessed or used accelerants or incendiary devices;

c. Made any inculpatory statements;

d. Engaged in suspicious, preparatory, or evasive conduct;

e. Exercised ownership, dominion, or control over the premises where the fire occurred;

f. Had any motive, prior threats, or history suggesting involvement in arson; or

g. Committed any act other than being present in a public area where a fire occurred.

25.    I understand that the legal issue before this Court is whether mere presence at the location of a fire, without more, is sufficient to establish probable cause for a search warrant, and the legal issue that one can not obtain a search warrant in the absence of a crime.

26.    I understand that the Fourth Amendment requires individualized probable cause, and that presence alone—particularly in a public area such as a hiking trail on New Year's Eve—does not establish a fair probability that a person committed arson or that evidence of a crime will be found in that person's property.

## CONCLUSION

27.    I respectfully submit this declaration in support of my Motion to Suppress Evidence, which challenges the facial validity of the search warrant affidavit as lacking probable cause.

28.    This motion presents a pure question of law that can be resolved by

5

examining the four corners of the warrant affidavit alone, without the need for an evidentiary hearing or factual disputes.

29.    I did not commit the crime of arson on January 1, 2025. I was not present at the location of the Palisades Fire when it ignited on January 7, 2025. At the time the search warrant applications were submitted, there was no probable cause to believe that any crime had been committed, and the origin and cause investigation did not determine that the Lachman Fire was incendiary until approximately eight months after the search warrant applications were filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ____ day of _____, 2026, at Los Angeles, California.

_____
JONATHAN RINDERKNECHT
Defendant

6

DECLARATION OF JONATHAN RINDERKNECHT