# EXHIBIT B



**Arson & Bombing Behavioral Analysis, LLC**
18200 30th Avenue
St. Charles, IA 50240
(251) 233-3947
www.arsonbombing.com

March 23, 2026

Bilal A. Essayli, Esq.
First Assistant U.S. Attorney
Central District of California
312 N. Spring St. Suite 1200
Los Angeles, CA 90012

Re:    **United States of America v. Jonathan Rinderknecht**
        **United States District Court, Central District of California**
        **Case Number: 2:25-cr-00833-AH**

Dear Mr. Essayli:

At the request of Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent/Certified Fire Investigator (SA/CFI) Matthew Beales, I reviewed additional material in the above-captioned matter, specifically ATF ROIs 137, 158, 379, and 380 for investigation number ▮▮▮▮▮▮ for interviews of ▮VICTIM 1▮, ▮VICTIM 2▮, and ▮VICTIM 3▮. I was asked to review the interviews and discuss the behaviors described by the witnesses and their relationship with this case. Additionally, I examined digital evidence items 331, 338, and 339 and found they are consistent with the witness statements. I reserve the right to modify or supplement my opinions at a later date if I am asked to consider additional information.

This analysis is based on a review of the materials submitted. My conclusions and opinions are based on knowledge drawn from my personal experience, education, training, and research. I hold these opinions within a reasonable degree of professional certainty. My opinions are independent of financial agreements, legal outcomes, settlements, or contracts between the Government and other parties.

**Summaries of the Reports of Interviews**





U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    3

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                          4

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    6

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    7

U. S. v. Rinderknecht, 2:25-cr-0083-AH

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    8

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                                9

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                            10

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                              11

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                  12



U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                14

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                        15



U. S. v. Rinderknecht, 2:25-cr-0083-AH                                        15

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    16

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                             17

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    18

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                          19

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                          20

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                      21

U. S. v. Rinderknecht, 2:25-cr-0083-AH

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    22

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                        23



**Conclusion**

Based on my education, training, and experience, and upon review of the investigative materials and behavioral information available in this case, it is my professional opinion that Jonathan Rinderknecht's conduct reflects a stable and pervasive pattern of emotional volatility, grievance-driven cognition, power-seeking behavior, and retaliatory aggression. These traits are evident across multiple domains of his behavior ███████████████████████ his broader interpersonal functioning,

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                              24

and the motivational features associated with the Lachman fire. The consistency of these themes across time, relationships, and situational contexts indicates a coherent behavioral pattern rather than isolated or situationally bound actions.

Research shows that revenge-motivated firesetting typically arises from ongoing hostility, entitlement, coercive control, and blame-shifting, rather than being isolated incidents.

Although instrumental and expressive behaviors are often discussed as distinct motivational categories, the evidence in this case demonstrates that both forms of conduct arise from the same underlying individual and interpersonal dynamics that characterize Jonathan Rinderknecht's behavior across domains. The January 3, 2026, arson assessment identified chronic frustration, emotional dysregulation, and a need to regain control as central emotional themes in anger-motivated firesetting.

Revenge-motivated arson is typically classified as expressive: an act intended to vent rage, communicate grievance, or symbolically retaliate against a person or entity. The Lachman fire fits this expressive motivational model. The target was broad and nonspecific, the ignition method was simple, and the act appears to have been driven by emotional arousal rather than instrumental gain. Yet this

U. S. v. Rinderknecht, 2:25-cr-0083-AH                                                    25

expressive act is not inconsistent with the defendant's broader behavioral pattern.

        Thank you for the opportunity to review this case. If you have any questions or need further explanation, please feel free to contact me when convenient.

Respectfully,

Kevin L. Kelm, Ph.D.
Arson and Bombing Behavioral Analysis, LLC