Steven Haney Esq., *Pro Hac Vice*
Haney Law Group, PLLC
22815 Kelly Rd.
Eastpointe, MI 48021
Telephone: (248) 414-1470
E-Mail: steve@haneygroup.net

Attorneys for Defendant

Jacob A. Gillick, Esq., SBN 312336
Gillick Legal, APC
777 S. Alameda, 2nd Floor
Los Angeles, CA 90021
Telephone: (858) 250-0656
E-Mail: JGillick@GillickLegal.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN RINDERKNECHT<br><br>Defendants. | Case No. 2:25-cr-00833-AH<br><br>**DEFENDANTS SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY, PROPOSED STATEMENT OF THE CASE, SPECIAL JURY INSTRUCTIONS AND PROPOSED VERDICT FORM** |

i

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 1

I. THE GOVERNMENT BEARS THE BURDEN OF PROVING
    JURISDICTIONAL PREDICATES ........................................................... 1

II. THE INDICTMENT'S DUPLICITY: ONE CHARGING UNIT, TWO FIRES,
    SIX DAYS APART ..................................................................................... 3

   A. The Indictment is Not Evidence ........................................................... 3

   B. The Indictment Charges One Fire But Names Two Fires Separated by Six
      Days ....................................................................................................... 3

   C. Government's Own Investigative Conduct: Palisades Investigated as
      Independent Arson ................................................................................. 4

   D. Mancuso and Lapier: This Duplicity Creates the Jury Unanimity Problem ... 6

III. RICHARDSON, AND ANGUIANO REQUIRE UNANIMITY ON
     DISTINCT FACTUAL PREDICATES .................................................... 7

   A. The Government's Three Cited Cases Are Distinguishable .............................. 9

IV. LACHMAN-ALONE IS LEGALLY INSUFFICIENT UNDER JONES AND
    GRANT ...................................................................................................... 10

V. THE § 844(i) INTERSTATE COMMERCE NEXUS REQUIRES JURY
   UNANIMITY ................................................................................................ 12

VI. A GENERAL VERDICT FORM IS CONSTITUTIONALLY
    INSUFFICIENT ........................................................................................... 12

VII. PROPOSED EXHIBITS ................................................................................. 13

VIII. CONCLUSION ............................................................................................... 13

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

# TABLE OF AUTHORITIES

## CASES

*United States v. Mancuso, 718 F.3d 780 (9th Cir. 2013)* .................................................6

*United States v. Long, 706 F.2d 1044 (9th Cir. 1983)*.................................................3,10

*United States v. Lapier, 796 F.3d 1090 (9th Cir. 2015)*.............................................6,7

*United States v. Anguiano, 873 F.2d 1314 (9th Cir. 1989)* .......................................8

*United States v. Echeverry, 719 F.2d 974 (9th Cir. 1983)* .......................................9

*United States v. Payseno, 782 F.2d 832 (9th Cir. 1986)*...........................................9

*Richardson v. United States, 526 U.S. 813 (1999)* ...................................................8

*Jones v. United States, 529 U.S. 848 (2000)* ........................................................2,10

*United States v. Grant, 318 F. Supp. 2d 1042 (D. Mont. 2004)* .......................2,11,12

*United States v. Pappadopoulos*, 64 F.3d 522 (9th Cir.1995)............................. EX C

*United States v. Renteria, 557 F.3d 1003 (9th Cir. 2009)* .......................................9,10

*United States v. Castro, 887 F.2d 988 (9th Cir. 1989)*...............................................9

*United States v. Luong, 965 F.3d 973 (9th Cir. 2020)*..............................................9

## STATUTES

18 U.S.C. § 844(f)(1).................................................................................................2

18 U.S.C. § 844(i) ..............................................................................................passim

18 U.S.C. § 1855 ................................................................................................passim

## JURY INSTRUCTIONS

9th Cir. Crim. Jury Instr. 6.27 .................................................................................9

iii

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

## INTRODUCTION

At the May 20, 2026 hearing, this Court identified the critical threshold issue: "The issue that I'm having is that it does seem to me that the Government would bear the burden of proving the jurisdictional predicates and Mr. Rinderknecht is arguing that the evidence will show a lack of federal nexus from the Lachman fire alone." Tr. (May 20, 2026) at 26, ln. 19-23.

The government's burden to prove jurisdictional predicates is meaningless if the jury is allowed to convict on a legal presumption, with no proof, that two fires separated by six days, investigated separately by the government as independent arson crimes, with search warrants obtained for different suspects, represents one continuous fire. Whether these are one fire, or not, is the jury to decide, not for the indictment to conclude.

The Court also identified this as "an issue of the unanimity of the jury's verdict," not an Apprendi sentencing issue. Tr. at 28:5–8.

**I. THE GOVERNMENT BEARS THE BURDEN OF PROVING JURISDICTIONAL PREDICATES; THE LACHMAN FIRE CANNOT SATISFY THEM AS A MATTER OF LAW**

The Lachman Fire consequence, standing alone, cannot independently satisfy the § 844(i) interstate-commerce element or the § 1855 federal-land element.

Count Two fails because eight acres of state-park brush is not property "used in interstate commerce or in any activity affecting interstate commerce" within the

1

meaning of *Jones v. United States*, 529 U.S. 848 (2000).  In fact, based on the standard in *Jones*, it is not even a close call.  No straight faced argument could be made that 8-10 acres of bushes and brush qualifies legally under *Jones* as property used in interstate commerce or in activity affecting interstate commerce. These are jurisdictional elements of the charged crime in the indictment.   Also, for purposes of § 844(i), federal funding is irrelevant and cannot satisfy the jurisdictional failures of the January 1st, 2026 Lachman Fire

Count Three likewise fails because the Lachman Fire was set on non-federal land and never burned federal land. *United States v. Grant*, 318 F. Supp. 2d 1042 (D. Mont. 2004), holds on directly analogous facts that § 1855 confers no federal jurisdiction in those circumstances. For purposes of both statutes, federal funding is irrelevant.

That makes the unanimity question central: if the Government cannot unanimously persuade the jury that the Palisades Fire **was caused** by the Lachman Fire, Counts Two and Three aquital is a matter of law. The jury must therefore unanimously find that threshold causation predicate before convicting on Counts Two or Three.

2

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

## II. THE INDICTMENT'S DUPLICITY: ONE CHARGING UNIT, TWO FIRES, SIX DAYS APART

### A. The Indictment Is Not Evidence

The Indictment is not evidence. It is merely a formal statement of the Government's theory of prosecution. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The constitutional question is whether the jury may convict without unanimously agreeing on what factual predicate supports each count.

The Indictment charges the defendant with arson offenses committed "between on or about January 1, 2025 and on or about January 31, 2025" and refers to "**the fire** known as the Lachman Fire and Palisades Fire." This charging language bundles two distinct and temporally separated ignitions into a single charging unit. The Government must prove this to be true and the jury should be allowed to consider whether, as the Government initially believed, these are two separate fires, separated by six days.  These are all questions for the jury.

### B. The Indictment Charges One Fire But Names Two Fires Separated by Six Days and Intervening Factors

The evidence will establish that the Lachman Fire ignited shortly after midnight on January 1, 2025, on state-park property near the Skull Rock trailhead. It burned approximately eight to ten acres of non-federal brush and grass that in no manner can even be argued was "used in interstate commerce or in any activity affecting interstate commerce."  The Palisades Fire ignited mid-morning on January

3

7, 2025—six days later—in the same general area but on different property and experts at trial will not agree as to its Source of Origin Area (SOA).

The six-day interval separating these two ignitions is not a mere delay in the same continuous fire. Between the two ignitions, there occurred: (1) a declared LAFD suppression operation; (2) the departure of fire-suppression personnel from the area; (3) a complete six-day unmonitored period where no personnel were assigned to the Lachman burn scar; (4) a Red Flag wind warning issued less than 24 hours before the Palisades ignition; and (5) atmospheric and weather conditions that changed substantially.

Two ignitions separated by six days, by major intervening operational events, by weather changes, and by a declared suppression gap are not a continuous fire. They are two distinct events. The indictment's reference to "**the fire** known as the Lachman Fire and Palisades Fire" (singular, bundled into one charging unit) creates a duplicitous indictment that invites jury confusion about what factual predicate the jury is actually voting on.

**C. Government's Own Investigative Conduct: Palisades Investigated as Independent Arson**

The government's own investigative conduct corroborates that these could, and should, be considered by the trier of fact as possibly two separate fires.  The Government relies only on the Indictment's conclusory alternate theory.

4

On January 7, 2025, when the Palisades Fire ignited, the government did not treat it as a continuation of the Lachman Fire. Instead, the government investigated the Palisades Fire as an independent arson crime, dispatching ATF and LAFD arson investigators, which notably they never did with the Lachman Fire, conducting a full arson investigation, and obtaining search warrants for individuals other than Mr. Rinderknecht whom federal agents then believed had set the fire.

The holdover/causation theory—that the Lachman Fire was the cause of the Palisades Fire—was developed eight months after the Lachman Fire and only after the government's independent arson investigation of the Palisades Fire produced no charging suspects. The government, in its contemporaneous investigation, rejected the unified-fire theory and treated Palisades as a separate arson case requiring its own investigation and search warrants for different suspects.

This fact—the government's own conduct treating Palisades as an independent arson—is perhaps the most damaging evidence to the government's current "one continuous fire" factual theory.  It shows that the government, when it had the freshest evidence and contemporaneous investigative judgment, determined that the Palisades Fire was a separate criminal event, not a continuation of Lachman.

The Government needs the Court, and the jury, to adopt this one fire theory because without it (and the Palisades Fire footprint), they cannot satisfy the jurisdictional predicates required to convict the Defendant of two of the three counts for which he is charged.

5

**D. Mancuso and Lapier: This Duplicity Creates the Jury Unanimity Problem**

In *United States v. Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013), the Court held: "An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count." The required remedy is either government election between offenses or a specific unanimity instruction.

In *United States v. Lapier*, 796 F.3d 1090, 1093 (9th Cir. 2015), the Ninth Circuit reversed for plain error where the indictment's "beginning . . . continuing through" language created the constitutional risk that "some jurors might have convicted on the basis of [one event] . . . and other jurors might have convicted on the basis of a separate" event. The Court found that the indictment's broad language, which alleged a single conspiracy "beginning in or before September 2011, and continuing through at least December 2012," created a constitutional risk of juror confusion. Id. 1094. This is precisely the risk identified by the Court at the May 20 hearing.

The Ninth Circuit emphasized that a general unanimity instruction is typically sufficient but held that in *Lapier,* the district court erred by failing to give a specific unanimity instruction. The court reasoned that the indictment's broad language, combined with the complexity of the evidence and the risk of juror confusion, necessitated such an instruction to ensure unanimity on the specific facts underlying the conviction. *United States v. Lapier*, 796 F.3d 1090 (2015),   This failure

6

constituted plain error because it jeopardized *Lapier's* substantial constitutional right to a unanimous jury verdict under the Sixth Amendment.

A general verdict form cannot prevent this constitutional defect. The jury must unanimously find the but-for causation predicate (Lachman caused Palisades) before convicting on Counts Two or Three. The risk of jury confusion as to which fire satisfies which jurisdictional elements is real, but can be eliminated with Special Jury Instructions providing clarity.

The only way the Government can satisfy the jurisdictional predicate on Counts Two and Three is by and through the Palisades Fire property damage footprint, which requires proof the fires are causally related.

## III. RICHARDSON, AND ANGUIANO REQUIRE UNANIMITY ON DISTINCT FACTUAL PREDICATES

In *Richardson v. United States*, 526 U.S. 813, 815–20 (1999), the Court required jury unanimity on the underlying violations comprising a CCE charge, treating them as elements rather than fungible means.

Two ignitions separated by six days—investigated separately by the government with search warrants for different suspects—can be factually argued they are not causally related to one another. Perhaps they are, but perhaps they are not, and if there is a causal connection between the two fires, that is for the Government to prove to the jury.

7

Under *United States v. Anguiano*, 873 F.2d 1314 (1989). 873 F.2d 1314, 1319–21 (9th Cir. 1989), the Ninth Circuit identified three potential triggers for requiring a specific unanimity instruction: (1) factually complex evidence, (2) a broad or ambiguous indictment, and (3) a genuine likelihood of jury confusion.  In this case, all three triggers exist that would require a specific unanimity instruction.

A federal arson case, involving a multiple day fire, or fires, with a six-day gap between is per se complex.  The indictment, which elected to charge differently named fires and treat them as one continuous fire, is both broad and ambiguous.  As noted the various jurisdictional predicates that are impacted by one fire not even occurring on federal land, or burning federal property, presented a real risk and likelihood of jury confusion.

The Ninth Circuit evaluates the need for a specific unanimity instruction on a case-by-case basis, considering factors such as the complexity of the evidence, the clarity of the indictment, and the potential for juror confusion. *United States v. Payseno*, 782 F.2d 832 (1986), *United States v. Echeverry*, 719 F.2d 974 (1983) The Ninth Circuit Model Criminal Jury Instruction 6.27 (Specific Issue Unanimity) was drafted for precisely this case profile.

**A. The Government's Three Cited Cases Are Distinguishable**

At the May 20 hearing, the Government relied on *Renteria, Castro*, and *Luong*. Each is materially distinguishable.  In *Renteria*, the case addressed whether a synagogue's activities, including a gift shop and preschool daycare center,

8

sufficiently established a connection to interstate commerce. The court found that these ancillary commercial activities were sufficient to meet the jurisdictional element of 18 USCS § 844(i). *United States v. Renteria*, 557 F.3d 1003 (2009).

*United States v. Castro*, 887 F.2d 988 (9th Cir. 1989), involved a single conspiracy with multiple alleged objects. *United States v. Luong*, 965 F.3d 973 (9th Cir. 2020), involved a single robbery with alternative commerce theories.

In each case the Government referenced, **the actus reus was singular**—one arson, one conspiracy, one robbery—and the unanimity question concerned only alternative theories of how a single jurisdictional element was satisfied when associated with a single act.

This Indictment is entirely distinguishable and structurally different: it bundles potentially two distinct alleged criminal acts—two ignitions, six days apart, separated by intervening events, with the government's own initial investigative judgment treating them as independent criminal acts. The fact the Government later changed course, and proclaimed the two named fires as one, does not make it factually so.

*Renteria*, *Castro*, and *Luong* address how a jury must agree on multiple theories of **one act.** None addresses how a jury must agree on multiple acts separated by six days, arguably with independent causes, and which the Government initially treated as separate. The controlling authority is *Schad, Richardson, Mancuso*, and *Lapier.*

9

## IV. LACHMAN-ALONE IS LEGALLY INSUFFICIENT UNDER JONES AND GRANT

In *Jones v. United States,* 529 U.S. 848 (2000). 529 U.S. 848, 855 (2000), the U.S. Supreme Court held that to satisfy the commerce element under , 18 USCS § 844. the property in question must be "actively employed for commercial purposes" and not merely have a "passive, passing, or past connection to commerce." The Court emphasized that the statutory language "used in" requires active employment in a commerce-affecting activity, rather than a mere incidental or historical connection to interstate commerce. *Jones v. United States*, 529 U.S. 848 (2000).   The Lachman Fire—eight acres of state-park brush on public land, where nothing burned but vegetation—cannot meet this standard on any plausible level.  Hence the reason the Government needs, for jurisdictional purposes, a one-fire theory.

In *Grant*, the defendant was charged under 18 USCS § 1855 for willfully setting fires on state land. The court dismissed the indictment, holding that the United States lacked jurisdiction to prosecute under 18 USCS § 1855 because the lands burned were not under **federal ownership, leasehold, or jurisdiction.** The court emphasized that 18 USCS § 1855 applies only to fires set on lands that are part of the "public domain," owned or leased by the United States, under its partial, concurrent, or exclusive jurisdiction, or on Indian reservations or allotments held in trust by the United States. *United States v. Grant*, 318 F. Supp. 2d 1042 (2004), 18

USCS § 1855. The court further clarified that the statute does not extend to conduct on non-federal lands, even if the fires threaten federal property, unless Congress explicitly provides for such jurisdiction. *United States v. Grant,* 318 F. Supp. 2d 1042 (2004). Thus, the holding in *Grant* underscores that actual federal ownership, leasehold, or jurisdiction is a necessary element for prosecution under 18 USCS § 1855. Grant, which factually differs not one bit from the Lachman Fire ignition here, made it clear that the statute does not extend to conduct on purely state lands absent explicit congressional authorization.

Just like in Grant, the Lachman Fire burned state-park property, not federal property. No federal funding component will satisfy the jurisdictional element that is clearly articulated in *Grant,* which is directly analogous to this case.

A jury cannot convict based on a theory that fails to prove an essential element, jurisdictional or otherwise. Because Lachman-alone cannot satisfy these elements as a matter of law, the jury must unanimously find the Palisades Fire was **caused by Lachman** as a mandatory prerequisite before convicting on Counts Two or Three. The alternative-means framework collapses entirely.

## V. THE § 844(i) INTERSTATE COMMERCE NEXUS REQUIRES JURY UNANIMITY ON A QUALIFYING STRUCTURE

Count Two in the indictment identifies seven categories of allegedly commerce-affecting property. To avoid replicating the *Richardson* defect at the element level, the Court should: (1) instruct the jury on the *Jones* "actively

11

employed for commercial purposes" standard; (2) conduct a threshold legal analysis on which of the seven categories qualifies as a matter of law; and (3) require the Special Verdict Form to identify which specific structure the jury unanimously found.

## VI. A GENERAL VERDICT FORM IS CONSTITUTIONALLY INSUFFICIENT

Only a special verdict form with sequenced threshold findings can cure the constitutional defect. A general guilty/not guilty verdict could rest on three different juror predicates: (i) all twelve agreeing Lachman-alone satisfies the elements (legally impossible under Jones); (ii) all twelve agreeing Palisades was caused by Lachman (satisfying the jurisdictional predicates through the Palisades footprint; or (iii) some jurors on (i) and others on (ii), with no unanimity on either factual predicate.

A general verdict form is by design incapable of preventing this. The Defense's Proposed Special Verdict Form supplies a sequenced structure: a threshold finding on but-for causation of Palisades, clarity with respect to the required jurisdictional predicates, followed by count-by-count findings that default to Not Guilty on Counts Two and Three if the threshold is "No."

## VII. PROPOSED EXHIBITS

The Defense submits four exhibits: (1) Proposed Statement of the Case; (2) Proposed Special Jury Instruction No. 1: Threshold Fire-Event Unanimity; (3)

12

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

Proposed Special Jury Instruction No. 2: § 844(i) Commerce-Nexus Unanimity; and (4) Proposed Special Verdict Form with Sequenced Threshold Findings.

## VIII. CONCLUSION

The Government bears the burden of proving jurisdictional predicates. The Indictment bundles two distinct fires—investigated separately by the government as independent arson crimes—into one charging unit.

The evidence must be presented before the jury to establish this was one continuing fire, not by adopting the language of the indictment. Unlike the cases cited by the Government, this is not a single event, but instead one event, separated six days by another event, with questions of causation that can only be answered by proof. The Government should also not be able to advance at trial that the Palisades Fire was a holdover fire that burned deep within the root system for six days undetected by civilians and firefighters when they know this is not true.

The fact the Government originally investigated the Palisades Fire as a separate fire, with a separate ignition source, itself supports an alternate argument from what is charged that two named fires are really one, and questions exist how that occurred. The fact no scene investigation of either fire was even commenced for twelve days after the Lachman Fire raises further question if the Government's theory is even investigatively plausible. Experts will differ.

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

Under *Richardson, Mancuso*, and *Lapier*, the jury must unanimously find the threshold causation predicate before convicting on Counts Two or Three. A general verdict form cannot accomplish this constitutional requirement.

For the foregoing reasons, the Defense respectfully requests that the Court: (1) Hold that the Indictment's bundled charging structure creates a duplicity and unanimity problem requiring a specific unanimity instruction; (2) Hold that the evidence will show lack of federal nexus from the Lachman Fire alone; (3) Hold that legal insufficiency of Lachman-alone precludes the alternative-means framework; (4) Adopt the Proposed Statement of the Case, Special Jury Instructions Nos. 1 and 2, and Special Verdict Form; (5) Require the Special Verdict Form as constitutionally mandated; and (6) Grant such further relief as the Court deems just and proper.

Dated: <u>May 26, 2026</u>

Respectfully submitted,

HANEY LAW GROUP, PLLC

By: /s/ <u>Steven A. Haney, Sr.</u>
STEVEN A. HANEY, SR. (P63947)
(Pro Hac Vice)

14

**EXHIBIT A — PROPOSED STATEMENT OF THE CASE**

The defendant, Jonathan Rinderknecht, is charged in a three-count Indictment with federal arson offenses under Title 18 of the United States Code: Count One—damage to federal property in violation of 18 U.S.C. § 844(f)(1); Count Two—damage to property used in interstate commerce in violation of 18 U.S.C. § 844(i); and Count Three—setting fire to federal lands in violation of 18 U.S.C. § 1855.

The evidence will refer to two fire ignitions: an ignition near the Skull Rock trailhead shortly after midnight on January 1, 2025 (the Lachman Fire), and an ignition in the same general area on the morning of January 7, 2025 (the Palisades Fire). The Government alleges that Mr. Rinderknecht willfully and maliciously caused the Lachman ignition and that the Lachman ignition then caused the Palisades Fire. Mr. Rinderknecht denies he willfully and maliciously set the January 1st, 2025 Lachman Fire  and therefore cannot be responsible for either the Lachman or the Paisades Fire, or the resulting damages.

The Indictment is not evidence. Mr. Rinderknecht is presumed innocent and the burden remains on the Government throughout the trial to prove each element of each count beyond a reasonable doubt.

15

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

**EXHIBIT B — PROPOSED SPECIAL JURY INSTRUCTION NO. 1: THRESHOLD FIRE-EVENT UNANIMITY**

The evidence will refer to two fire ignitions: an ignition on January 1, 2025 (the Lachman Fire), and an ignition on January 7, 2025 (the Palisades Fire). The Government's theory is that the Lachman ignition was the cause of the Palisades Fire.

Before you may convict on any count of the Indictment, you must first and unanimously find, beyond a reasonable doubt, that Mr. Rinderknecht willfully and maliciousy set the Lachman Fire. If you find beyond a reasonable doubt that he did, then you must find the Lachman Fire was the but-for cause of the Palisades Fire. "But-for cause" means that the Palisades Fire would not have occurred without the Lachman ignition.

All twelve of you must unanimously agree on these threshold findings. If you cannot unanimously agree that the Defendant willfully and maliciously set the Lachman Fire, Mr. Rinderknecht is not guilty of all charges.

If you find that he did willfully and maliciously set the Lachman Fire, but the Lachman Fire was not the "But-for cause" of the Palisades Fire, you must find the defendant not guilty on Counts Two and Three, and proceed to Count One only on property damaged by the Lachman Fire itself. If you find Mr. Rinderknecht willfully and maliciously set the Lachman Fire, and that fire was the

16

"But-for-Cause" of the Palisades Fire, the Government then must prove the jurisdictional elements of the property damaged for him to be found guilty.

Authorities:  Richardson v. United States, 526 U.S. 813, 815–20 (1999); United States v. Mancuso, 718 F.3d 780, 791–93 (9th Cir. 2013); United States v. Lapier, 796 F.3d 1090, 1093 (9th Cir. 2015); United States v. Anguiano, 873 F.2d 1314, 1319–21 (9th Cir. 1989); 9th Cir. Crim. Jury Instr. 6.27.

17

## EXHIBIT C — PROPOSED SPECIAL JURY INSTRUCTION NO. 2:

## § 844(i) COMMERCE-NEXUS UNANIMITY

Count Two requires that the property be actively employed for interstate commercial purposes. Under *Jones v. United States*, 529 U.S. 848 (2000), a passive or incidental connection to interstate commerce is not enough.

To convict on Count Two, you must unanimously find, beyond a reasonable doubt, that at least one specific structure was damaged and was actively employed in a manner affecting interstate commerce. If you cannot unanimously find this, you must find the defendant not guilty on Count Two.

On the Special Verdict Form, you will identify which specific structure the jury found to satisfy the interstate commerce element.

Authorities: Jones v. United States, 529 U.S. 848, 854–59 (2000);  United States v. Pappadopoulos, 64 F.3d 522, 526–27 (9th Cir. 1995).

18

**EXHIBIT D - DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NO. 3**

**18 U.S.C. § 1855 — FEDERAL-LANDS ELEMENT**

Count Three of the Indictment charges Mr. Rinderknech with willfully and without authority setting fire to timber, underbrush, grass, or other inflammable material upon federal lands, in violation of 18 U.S.C. § 1855.

To convict on Count Three, you must unanimously find, beyond a reasonable doubt, each of the following elements:

(1) Mr. Rinderknecht willfully and maliciously set fire to timber, underbrush, grass, or other inflammable material;

(2) Mr. Rinderknecht acted without authority; AND

(3) The fire was set on federal land, or federal land was damaged or destroyed by that fire.

For purposes of § 1855, "federal land" means:

(a) Land that is part of the public domain of the United States;

(b) Land owned by the United States;

(c) Land leased by the United States;

19

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

(d) Land held in trust by the United States;

(e) Land under the partial, concurrent, or exclusive jurisdiction of the United States;

or

(f) An Indian reservation, land occupied by an Indian tribe under the authority of the

United States, or an Indian allotment held in trust by the United States.

The third element is the federal-jurisdictional element and is essential to the

offense. The Government must prove beyond a reasonable doubt

(i) That federal land was DAMAGED OR DESTROYED by that fire — meaning

federal-land vegetation, property, or other federal resources were actually

burned.

The following do NOT satisfy the federal-lands element of § 1855:

(a) That the entity owning the land where the fire was set received federal financial

assistance;

(b) That federal personnel or agencies responded to the fire; or

(c) That federal property was threatened but not actually burned by the fire.

If you cannot unanimously find, beyond a reasonable doubt, that the fire was

20

set on Federal land, or federal land was damaged or destroyed by that fire, you must find Mr. Rinderknecht not guilty on Count Three.

Authorities: 18 U.S.C. § 1855; *United States v. Grant*, 318 F. Supp. 2d 1042 (D. Mont. 2004); *Jones v. United States*, 529 U.S. 848 (2000); *Richardson v. United States*, 526 U.S. 813 (1999).

21

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

**EXHIBIT E — PROPOSED SPECIAL VERDICT FORM**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES v. JONATHAN RINDERKNECHT, Case No. 2:25-cr-00833-AH

**SPECIAL VERDICT FORM**

We, the jury, unanimously return the following findings. We answer each question only as directed by the Court.

QUESTION 1 — Do you unanimously find, beyond a reasonable doubt, that Mr. Rinderknecht willfully and maliciously ignited the Lachman Fire on January 1, 2025?

Answer: _____ Yes _____ No

(If No, return not guilty on all counts.)

QUESTION 2 — Do you unanimously find, beyond a reasonable doubt, that Mr. Rinderknecht's act of igniting the Lachman Fire was the but-for cause of the Palisades Fire of January 7, 2025?

Answer: _____ Yes _____ No

(Answer Question 3 regardless. Your answer governs whether you may answer Questions 4–5 with Guilty.)

22

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

QUESTION 3 — COUNT ONE (18 U.S.C. § 844(f)(1)) — Do you unanimously find, beyond a reasonable doubt, that Mr. Rinderknecht damaged property owned, or leased by the by the United States, or managed, or under the control of an entity receiving Federal funding?

Answer: _____ Guilty _____ Not Guilty

QUESTION 4 — COUNT TWO (18 U.S.C. § 844(i)) — If you answered No to Question 2, answer Not Guilty. Otherwise: Do you unanimously find, beyond a reasonable doubt, that the defendant damaged property actively employed for interstate commercial purposes?

Answer: _____ Guilty _____ Not Guilty

Identify structure:

_____

QUESTION 5 — COUNT THREE (18 U.S.C. § 1855) — If you answered No to Question 2, answer Not Guilty. Otherwise: Do you unanimously find the defendant willfully set fire to timber upon federal lands, or that burned federal land or property?

Answer: _____ Guilty _____ Not Guilty

Dated: _____, 2026

_____

Foreperson

23

**DECLARATION OF STEVEN A. HANEY, SR.**

I, Steven A. Haney, Sr., declare as follows:

1. I am an attorney admitted to practice in the State of Michigan (Bar No. P63947) and am admitted Pro Hac Vice as counsel of record for Defendant Jonathan Rinderknecht in the above-captioned matter. I am lead defense counsel in this case. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could and would competently testify thereto, except as to those matters stated upon information and belief, which I believe to be true. I submit this Declaration in support of Defendant's Supplemental Brief on Jury Unanimity (One Fire or Two), filed concurrently herewith.

2. The Supplemental Brief filed concurrently addresses the threshold jury-unanimity issue this Court identified at the May 20, 2026 hearing.

3. Pursuant to the Court's Standing Order on the Use of Artificial Intelligence (§ A.5). I disclose that AI-assisted drafting tools were in the formatting and editorial aid in the preparation of the Supplemental Brief.  Every case, statute, and rule cited in the Supplemental Brief was independently researched by me through Lexis/Nexis and personally reviewed in its original source. No legal authority cited in the Supplemental Brief is the product of AI-generated output.

4. I take responsibility for the content of the Supplemental Brief filed

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY

concurrently herewith and for all representations of law and fact contained therein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of May, 2026, at Phoenix, Arizona.

/s/ STEVEN A. HANEY, SR. (P63947)
Attorney for Defendant JONATHAN RINDERKNECHT

25

DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING JURY UNANIMITY