TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
 1400 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-3359/8644/6530
 Email: mark.williams@usdoj.gov
   matthew.o'brien@usdoj.gov
   danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JONATHAN RINDERKNECHT,<br> aka "Jonathan Rinder,"<br> aka "Jon Rinder,"<br><br>  Defendant. | No. 25-CR-833-AH<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>Trial: October 19, 2026<br>Status Conference: July 15, 2026 |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim, and defendant JONATHAN RINDERKNECHT ("defendant"), both individually and by and through his counsel of record, Steven A. Haney, Sr., hereby stipulate as follows:

1. The Indictment in this case was filed on October 15, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were

1

pending on October 23, 2025.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 1, 2026.

2.    On October 23, 2025, the Court set an initial trial date of December 16, 2025, and a status conference on November 12, 2025.

3.    Pursuant to the parties' stipulations, the Court issued orders continuing the trial date from December 16, 2025, to April 21, 2026, and from April 21, 2026, to June 8, 2026.

4.    Trial in this matter began on June 8, 2026.  On June 26, 2026, the Court declared a mistrial after the jury was unable to reach a verdict and, at the request of defendant in court, the Court continued the trial to October 19, 2026.

5.    Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately 7-10 days.

6.    By this stipulation, defendant moves to continue the trial date to October 19, 2026, and to set a status conference on July 15, 2026, at 10:00 a.m.

7.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with violations of 18 U.S.C. § 844(f)(1) (Destruction of Property by Means of Fire), 18 U.S.C. § 844(i) (Arson Affecting Property Used in Interstate Commerce), and 18 U.S.C. § 1855 (Timber Set Afire).  To date, the government has produced voluminous discovery to the defense.  Defense counsel represents that he needs additional time to review this volume of data, a portion of which defense counsel believes will require expert analysis, and to review and discuss the discovery with defendant.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case before October 19, 2026.

b.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research

including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c.      Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

d.      The government does not object to the continuance.

e.      The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

f.      On June 26, 2026, the Court advised defendant personally as to his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date, and waived his right to be brought to trial earlier than October 19, 2026.

8.      For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 26, 2026, to October 19, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 7, 2026                                Respectfully submitted,


                                                   /s/
                                                   _____
                                                   MARK A. WILLIAMS
                                                   MATTHEW W. O'BRIEN
                                                   DANBEE C. KIM
                                                   Assistant United States Attorneys

                                                   Attorneys for Plaintiff
                                                   UNITED STATES OF AMERICA


I am defendant JONATHAN RINDERKNECHT's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than October 19, 2026, is an informed and voluntary one.

Dated: July 7, 2026                                /s/ per email authorization on July 7, 2026
                                                   _____
                                                   STEVEN A. HANEY, SR.
                                                   Attorney for Defendant
                                                   JONATHAN RINDERKNECHT