STEVEN A. HANEY, SR. (Mich. Bar No. P63947)
Admitted Pro Hac Vice
HANEY LAW GROUP, PLLC
22815 Kelly Road
Eastpointe, Michigan 48021
Telephone: (248) 414-1470
Email: Steve@haneygroup.net
Attorney for Defendant
JONATHAN RINDERKNECHT

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN RINDERKNECHT,
aka "Jonathan Rinder,"
aka "Jon Rinder,"

Defendant.

Case No. 2:25-CR-00833(A)-AH

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE FOR A JURY INSTRUCTION CONCERNING THE RESPONSE OF THE LOS ANGELES FIRE DEPARTMENT; DECLARATION OF STEVEN A. HANEY, SR.

[Fed. R. Crim. P. 30; Fed. R. Evid. 401–403]

Hearing Date: October 22, 2026
Time: 10:00 a.m.
Courtroom: 9C
Hon. Anne Hwang
Trial Date: November 2, 2026

Defendant Jonathan Rinderknecht, by and through counsel, submits this Opposition to the Government's Motion for a Jury Instruction (Dkt. 275) for a jury instruction directing the jury not to consider the response of the Los Angeles Fire Department in its deliberations. This Opposition is based on the attached Memorandum of Points and Authorities, the Declaration of Steven A. Haney, Sr., the Reporter's Transcripts of the June 2026 trial, the files and records of this case, and such further argument as the Court may permit at the hearing.

Dated: October 7th, 2026

Respectfully submitted,
HANEY LAW GROUP, PLLC
/s/ Steven A. Haney, Sr.
Steven A. Haney, Sr. (P63947)
Attorney for Defendant
Jonathan Rinderknecht

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The government proposed this instruction at the first trial. The Court considered it at three separate sessions of the charge conference and declined to give it, for reasons stated on the record: no evidence about the Fire Department's conduct had been admitted, the jury was already instructed on what is and is not evidence, and the proposed instruction was overbroad and one-sided because the only argument the defense had actually made concerned the failure to close off the Lachman site and to send an arson investigator, not the Fire Department's conduct in putting out the fire. Vol. 9, 1964:10–1965:15 (June 22, 2026).

Nothing has changed. The defense did not raise the Fire Department's suppression response at the first trial, said so on the record repeatedly, and will not raise it at the second, and asks the Court to make that commitment an order binding on both sides. An instruction telling the jury to disregard a subject no one intends to mention is unnecessary; an instruction that also sweeps in the defense's legitimate scene-preservation evidence, supported by well-established fire-investigation protocol, is the same overbroad instruction the Court already rejected. The motion should be denied, without prejudice to the government renewing the request at the charge conference if the retrial record ever warrants it.

The government's motion does not mention that ruling. It asks for the same instruction on a new ground, which is what interviewed discharged jurors said about their deliberations after the mistrial. That is no ground at all. And the way the government gathered those statements is its own reason to deny the motion. After the mistrial, one of the government's case agents, a trial witness who will testify again, approached a juror in the courthouse and obtained her telephone number, and the government then proceeded to interview jurors about the trial, all without notice to the Court or the defense.

The government then filed this motion. The Court should deny it.

## II. THE RECORD

**The pretrial ruling.** On May 20, 2026, the Court excluded evidence and argument concerning the Fire Department's suppression response. Dkt. 275 at 3. Defense counsel confirmed at trial that no line of questioning would touch any firefighting activity: "We've carefully made sure, as we have throughout the trial, not to bring that into this courtroom." Vol. 9, 1972:25–1973:4.

**What the defense actually did.** The defense cross-examined the government's origin-and-cause expert on the condition of the Lachman scene when the investigation began, which revealed no ATF personnel for the first eight days after the fire, no security or fencing, and the area left open to the public. Vol. XI, 1256:1–1257:13, 1259:21–23. When the government objected that a photograph of a bulldozer at the burn scar opened the door to an argument that the response was deficient, counsel answered, "I'm never going to bring that up," and the Court overruled the objection, permitting questions about activities that might have contaminated the arson crime scene. Vol. XI, 1260:23–1262:4, 1272:15–1273:25.

**Counsel's representations.** At the charge conference, counsel told the Court: "I promised I wouldn't, and I didn't, and I won't, and none of my witnesses will, either. They have been instructed not to." Vol. XIII, 1644:2–8 (June 18, 2026). And when the subject surfaced during the government's own cross of the defense expert, it was the government that disclaimed it: "Obviously, the Government has no interest in getting into this area." Vol. 10, 2298:19–20 (June 23, 2026).

**The ruling.** The government announced the instruction on June 17, Vol. XII, 1339:4–13; the Court deferred it on June 18, Vol. XIII, 1653:12–16; and on June 22, after asking whether there was any further argument and hearing none

from either side, the Court ruled:

> I am not inclined to give the proposed instruction again, though we'll see what happens for the remainder of the trial. I will note that it is well settled that jurors are presumed to follow the Court's instructions. There may be some extreme situations in which a curative instruction will not neutralize the prejudice when evidence is improperly admitted. That comes from *Aguilar v. Alexander*, 125 F.3d 815 at 820, a 9th Circuit case from 1997. Here, however, no evidence was admitted. The challenged conduct was a question by counsel. The jurors are adequately instructed in 6.6 and 6.7 what to consider as evidence. In addition, the proposed instruction is overbroad in instructing the jury not to consider the response of the fire department or the City to the fires as part of the jury's deliberations. Part of the defense has been that they didn't close off the Lachman site or send an arson investigator. So it is overly one-sided to instruct the jury that the response of the fire department or City is irrelevant to the charged crimes and misleading because that is the only argument that has been presented during the trial, not any evidence or argument about the LAFD's conduct in putting out the Lachman Fire. I will also note that counsel's questioning was during a line of questioning regarding the roping off of the Lachman Fire area and, therefore, the Court declines to give the instruction proposed.

Vol. 9, 1964:15–1965:15.

**The government's motion.** The motion rests on four trial-related events: the May 20 exclusion order, one question to Special Agent Montevidoni, the cross-examination of Derek Hill, and one passage of closing argument. Dkt. 275 at 3–7. The first three were before the Court when it ruled on June 22. The objection to the Montevidoni question was sustained and the jury was told to disregard it. Vol. 4, 563:2–15. The motion never tells the Court that the government asked for this instruction at the first trial and the Court declined to give it.

**The juror contacts.** According to the government, its case agent spoke with a juror in the courthouse after the mistrial and obtained her telephone number; she then passed his number to a second juror, who called him. (Haney Decl. ¶ 4A.)

Less than two months before the retrial, the government produced in

discovery its draft transcripts of its agents' post-mistrial telephone interviews of jurors and designated them under the Protective Order (Dkt. 28). The defense therefore does not describe their contents here. The defense will provide the transcripts to the Court in camera at the hearing or as the Court directs.

The government has not disclosed when each interview took place, how many jurors or alternates it contacted or attempted to contact, or what information from those contacts was conveyed to the prosecutors. The defense would also question how the agents obtained the phone numbers of any other jurors whose numbers were not passed along.

Notably, after the mistrial, the government's agents contacted jurors, the government obtained the First Superseding Indictment on August 13, 2026, and it filed the current motions.

In short, after the first trial ended without a verdict, the government's agents interviewed jurors from that trial, and the government superseded the indictment and filed these motions.

## III. ARGUMENT

### A. The Court Already Considered and Declined This Instruction, and Every Reason It Gave Applies With Greater Force Now.

The Court considered this instruction at the first trial and declined to give it. The government does not say the ruling was wrong; it does not point to new law; and it cannot point to new evidence, because there is none and the retrial has not begun.

Each of the Court's reasons is stronger now. At the first trial the Court could at least point to "a question by counsel." Vol. 9, 1964:23–24. Before the second there is no question, no answer, and no evidence, and nothing in the record to support the instruction. The authority the Court cited on the record, *Aguilar v. Alexander*, 125 F.3d 815, 820 (9th Cir. 1997), concerns evidence improperly

admitted. Vol. 9, 1964:15–1965:15. Here, nothing has been admitted, and the jury will be instructed under Ninth Circuit Model Criminal Jury Instructions 6.6 and 6.7 on what is and is not evidence.

**B. The Instruction Remains Overbroad and One-Sided.**

The Court found the instruction defective on its merits, not merely unnecessary. The defense is entitled to show that the Lachman scene was unsecured, open to the public, and worked over by suppression equipment, all before the origin-and-cause investigation began.

This challenges the reliability of the government's origin-and-cause evidence, and the Court recognized it as legitimate. Vol. XI, 1273:14–16; Vol. 9, 2033:13–18. An instruction that the "response of the fire department or the City" is not to be considered would tell the jury to disregard admitted evidence on a contested issue, and would mislead, because the defense has never argued that the Fire Department was negligent in fighting the fire. The government's remedy is what it was at the first trial: redirect examination. Vol. XII, 1368:3–1373:11.

**C. The Request Is Premature, and the Defense Offers the Court a Better Order.**

Jury instructions are settled at the charge conference on the trial record. Fed. R. Crim. P. 30(b). A motion in limine asking the Court to commit now to an instruction the Court declined to give on the last record, before a single witness has testified on this one, asks for an advisory ruling. The Court kept the question open at the first trial, "we'll see what happens for the remainder of the trial," Vol. 9, 1964:16–17, and it should do the same here and deny the motion without prejudice to renewal at the charge conference.

What the government legitimately wants, it can have without an instruction. The defense reaffirms, as an order binding on both sides, the commitment it made and kept at the first trial: it will not elicit testimony, offer evidence, or argue that

the Fire Department was negligent or deficient in suppressing the Lachman or Palisades Fire, and its witnesses will be so instructed. The government likewise should not elicit testimony vouching for the suppression response. And the order should state what the Court held at the first trial: it does not limit evidence or argument concerning the security, preservation, and condition of the Lachman scene and their effect on the origin-and-cause investigation.

**D. The Motion Offers Nothing New Except What Discharged Jurors Said.**

Set the juror statements aside and this is the motion the Court already denied. The Hill cross-examination tested a statement in the government's own report that underground burning was not visible until it surfaced, and the government concedes that visible smoldering bears on its holdover theory. Dkt. 275 at 9. The closing passage it quotes never mentions the Fire Department. It argues that a fire people saw and filmed was not, by the government's own definition, an undetected holdover. Vol. 10, 2451:4–15. Whether and when the Lachman Fire kept burning is the central disputed fact in this case, and the jury is entitled to hear evidence about it, including from the park ranger the government mentions. That is not an argument about how well anyone fought the fire, or failed to, or was negligent in doing so, and the order proposed in Part III.C bars that argument by both sides. Counsel's October 2025 press remark, Dkt. 275 at 6 n.1, predates the Court's May 2026 ruling by seven months.

**E. The Court Should Not Base a Retrial Instruction on the Government's Post-Trial Interviews of the Discharged Jurors.**

The government's trial witnesses approached a juror at the courthouse, used that juror to reach another juror, and then interviewed them before the retrial.

The government has designated those interviews under the Protective Order and has not disclosed when they occurred or what it did with what it learned. The defense will provide the transcripts to the Court in camera.

The discharge instruction told the jurors they were free to discuss the case and free not to. That protects the juror's choice. It does not license the government's agents to seek out jurors and debrief them for the next trial.

The Court should decline to base a retrial instruction on information obtained by probing the discharged jury's deliberations.

## IV. CONCLUSION

The Court should deny the motion without prejudice to renewal at the charge conference and enter the order described in Part III.C.

Dated: October 7th, 2026

Respectfully submitted,

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.
Steven A. Haney, Sr. (P63947)
Attorney for Defendant
Jonathan Rinderknecht

**DECLARATION OF STEVEN A. HANEY, SR.**

I, Steven A. Haney, Sr., declare as follows:

1. I am counsel of record for Defendant Jonathan Rinderknecht, admitted pro hac vice. I make this declaration in support of Defendant's Opposition to the Government's Motion in Limine for a jury instruction concerning the response of the Los Angeles Fire Department. I have personal knowledge of the facts stated and could testify competently to them.

2. I tried the first trial in June 2026. At no point did I elicit testimony, offer evidence, or argue that the Los Angeles Fire Department was negligent or deficient in suppressing the Lachman Fire or the Palisades Fire, and I instructed every defense witness not to address that subject. I will conduct the retrial the same way.

3. I have reviewed the Reporter's Transcripts of the first trial for June 11 (Vol. 4), June 15 (Vol. XI), June 17 (Vol. XII), June 18 (Vol. XIII), June 22 (Vol. 9) and June 23, 2026 (Vol. 10). The transcript quotations and citations in the accompanying Memorandum are true and correct, and I have verified each against the transcript text.

3A. The government produced in discovery its draft transcripts of post-trial telephone interviews of jurors from the first trial conducted by its ATF case agents (USA_00005099–5142). Because the government designated them under the Protective Order (Dkt. 28), they are not attached, and this Opposition does not describe their contents. The defense will provide them to the Court in camera at the hearing or as the Court directs.

3B. The government has not disclosed the date of each juror contact, whether other jurors or alternates were contacted or declined, or what information from the contacts was conveyed to the prosecution team.

4. On September 16, 2026, I conferred with counsel for the government

pursuant to Local Rule 7-3. During that conference the government advised that it intends to move for a jury instruction directing the jury not to consider the Fire Department's response. The parties were unable to resolve the matter.

4A. On September 25 and 26, 2026, I asked the government in writing to explain how its agents obtained jurors' contact information. The government responded in writing that the contacts were standard and voluntary, and described contacts with two jurors: after the mistrial, its case agent spoke with a juror in the courthouse and obtained her telephone number, and she then passed his number to a second juror, who called him.

5. Pursuant to the Court's Standing Order, I disclose that an artificial intelligence tool was used in the preparation of this Opposition. I have personally reviewed and verified every authority and every citation to the record set forth herein, and I take full responsibility for the contents of this filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 7th, 2026, at Eastpointe, Michigan.

/s/ Steven A. Haney, Sr.
Steven A. Haney, Sr. (P63947)
Attorney for Defendant
Jonathan Rinderknecht

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the memorandum of points and authorities in this Opposition contains 2,026 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order [Dkt. 23].

Dated: October 7th, 2026

/s/ Steven A. Haney, Sr.
Steven A. Haney, Sr. (P63947)

**PROPOSED ORDER**

The Court having considered the Government's Motion in Limine for a jury instruction concerning the response of the Los Angeles Fire Department (Dkt. 275), the Opposition, and the record of the June 2026 trial, the Court finds as follows. At the first trial the Court declined to give this instruction because no evidence of the Fire Department's suppression response was admitted, the jury is instructed on what is and is not evidence under Ninth Circuit Model Criminal Jury Instructions 6.6 and 6.7, and the proposed instruction was overbroad and one-sided. Vol. 9, 1964:15–1965:15 (June 22, 2026). No retrial record yet exists, and instructions are properly resolved at the charge conference. Fed. R. Crim. P. 30(b). Good cause appearing, IT IS HEREBY ORDERED:

1. The motion is DENIED without prejudice to renewal at the charge conference on the record of the retrial.

2. Neither party shall elicit testimony, offer evidence, or argue concerning the adequacy of the Los Angeles Fire Department's suppression of the Lachman Fire or the Palisades Fire. Each party shall so instruct its witnesses in advance of their testimony.

3. Nothing in this Order limits evidence or argument concerning the security, preservation, and condition of the Lachman Fire scene, or the effect of those matters on the origin-and-cause investigation.

IT IS SO ORDERED.

Dated: ____________________, 2026

______________________________

~~HON.~~ ANNE HWANG
United States District Judge